```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

                                          )
NPA ASSOCIATES, LLC,                      )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )
                                          )   Civil No. 2013-100
ESTATE OF DENNIS A. CUNNING, RHONDA J.    )
WRENN A/K/A RHONDA J. WRENN CUNNING,      )
1C ESTATE THOMAS HOLDINGS, LLC, UNITED    )
STATES REVENUE SERVICE, UNITED STATES     )
VIRGIN ISLANDS BUREAU OF INTERNAL         )
REVENUE "JOHN DOE" BEING ALL UNKNOWN      )
HEIRS, SUCCESSORS, AND ASSIGNS OF         )
DENNIS A. CUNNING, AND ALL PERSONS        )
CLAIMING A RIGHT, TITLE, LIEN, ESTATE     )
OR INTEREST IN PARCEL NO. 1C ESTATE       )
THOMAS, NO. 6C NEW QUARTER, ST.           )
THOMAS, U.S. VIRGIN ISLANDS, AS SHOWN     )
ON DRAWING NO. D9-2537-T83.               )
                                          )
                                          )
          Defendants.                     )
                                          )
```

**ATTORNEYS:**

**Arthur Pomerantz**
Law Offices of Arthur Pomerantz
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Stylish Willis**
Law Offices of Stylish Willis
St. Thomas, U.S.V.I.
    *For 1C Estate Thomas Holdings, LLC.*

**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States Internal Revenue Service.*

**Tamika Archer**
V.I. Department of Justice
St. Thomas, U.S.V.I.
    *For the United States Virgin Islands Bureau of Internal*
    *Revenue.*

## AMENDED JUDGMENT[1]

**GÓMEZ, J.**

Before the Court are the motions of the plaintiff, NPA Associates, LLC ("NPA"), for default judgment against the defendants, Estate of Dennis A. Cunning ("Cunning's Estate"); Rhonda J. Wrenn ("Wrenn"), and John Doe, being all unknown heirs, successors, and assigns of Dennis A. Cunning, and all persons claiming a right, title, lien, estate or interest in Parcel No. 1C Estate Thomas, No. 6C New Quarter, St. Thomas, U.S. Virgin Islands, as shown on Drawing No. D9-2537-T83. Also before the Court are NPA's motions for summary judgment against 1C Estate Thomas Holdings, LLC ("1C Holdings"), the United States Internal Revenue Service (the "IRS"), and the United States Virgin Islands Bureau of Internal Revenue ("VIBIR").

Upon consideration of the record, the Court finds the following facts:

---

[1] The prior judgment, which is docketed at ECF No. 85, inadvertently referred to tax liens issued by the Virgin Islands Bureau of Internal Revenue and the United States Internal Revenue Service as extinguished. As explained herein, only the federal tax lien was extinguished. This amendment addresses that oversight.

1.  Pursuant to a warranty deed recorded April 1, 2005, Dennis A. Cunning ("Cunning") and Rhonda J. Wrenn ("Wrenn") were the owners as joint tenants with right of survivorship of the real property described as follows:

    > Parcel 1C
    > Estate Thomas #6C New Quarter,
    > St. Thomas, US Virgin Islands
    > PWD # D9-2537-T83
    > (the "Property")

2.  On or about January 6, 2006, Flagstar Bank ("FSB") loaned Cunning $1,000,000.

3.  In exchange, Cunning executed a promissory note (the "Note") in which he promised to repay FSB the principal sum of $1,000,000, plus interest at the initial rate of 6.875% per annum, payable in monthly payments of $5,729.17. The interest rate was adjustable every six months and would be calculated by adding 2.625% to an index rate. The minimum monthly payment would adjust to correspond to any altered rate.

4.  As security for the repayment of the Note, Cunning and Wrenn executed a mortgage (the "FSB Mortgage"), in the principal amount of $1,000,000, covering the Property.

5.  Under the FSB Mortgage, Mortgage Electronic Registration Systems, Inc. is the mortgagee as a nominee for FSB and FSB's successors and assigns.

6. The FSB Mortgage grants FSB the right to foreclose on the FSB mortgage.

7. The FSB Mortgage states that any individual who executed the mortgage, but not the promissory note, would not be personally obligated to pay the sums secured by the Mortgage.

8. The FSB Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on January 12, 2006, as document number 2006000363.

9. FSB assigned its interest in the FSB Mortgage to NPA. That assignment was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on July 12, 2011, as document number 2011005063.

10. Wrenn and Cunning executed another mortgage on the Property, securing other debt. NFP was named as the mortgagee. That mortgage (the "NFP Mortgage") was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on January 20, 2006, as document number 2006000581.

11. NFP assigned its interest in the NFP Mortgage to 1C Estate Thomas Holdings, LLC ("1C Holdings"). That assignment was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on September 30, 2013, as document number 2013007692.

12. The IRS filed a federal tax lien in the amount of $36,949.30 against Cunning (the "IRS Tax Lien"). The IRS Tax Lien was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on September 16, 2010, as Doc. No. 2010006890.

13. VIBIR filed a tax lien in the amount of $62,450.46 against Cunning and Wrenn (the "VIBIR Tax Lien"). The VIBIR Tax Lien was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on April 6, 2011, as Doc. No. 2011002311.

14. Cunning died on November 11, 2011.  No probate proceedings were commenced for Cunning's Estate. Cunning's heirs, successors, and assigns not specifically named in the complaint are unknown.

15. Cunning and Wrenn failed to make payments as required under the terms of the Note and the FSB Mortgage. After demand for payment was issued, Cunning and Wrenn continued to fail to make payments.

16. NPA declared the entire amount of unpaid principal with accrued interest under the Note due and payable.

17. To date, Cunning's Estate and Wrenn remain in default under the Note and Mortgage.

18. The total amount currently due and owing on the Note and Mortgage is $1,142,915.37.

19. No representative of Cunning's Estate, Wrenn, or Cunning's unknown heirs answered or appeared in this action. Wrenn is not a minor nor incompetent. Wrenn is also not currently on active military service.

20. The Court previously entered default against Cunning's Estate, Wrenn, and John Doe on July 9, 2014.

21. NPA also moved for default judgment against Cunning's Estate on October 2, 2014.

22. NPA also moved for summary judgment against the IRS on July 9, 2014.

23. NPA also moved for summary judgment against VIBIR on September 1, 2014. On September 25, 2014, VIBIR filed a notice informing the Court that it does not oppose the motion for summary judgment.

24. NPA also moved for summary judgment against 1C Holdings on September 22, 2014. On September 24, 2014, 1C Holdings filed a notice informing the Court that it does not oppose the motion for summary judgment.

## ANALYSIS

The IRS seeks to enforce a tax lien against the Property. The Warranty Deed states that Cunning and Wrenn owned the Property as joint tenants with rights of survivorship. Accordingly, when Cunning died, Wrenn succeeded to Cunning's interest by process of law. The Court must now determine whether

the IRS Tax Lien, which only attached to Cunning's interest in the Property, survived Cunning's death.

Tax liens "cannot extend beyond the property interests held by the delinquent taxpayer." *United States v. Rodgers*, 461 U.S. 677, 691 (1983). "The federal tax lien statute itself 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law.'" *United States v. Craft*, 535 U.S. 274, 278 (2002) (quoting *United States v. Bess*, 357 U.S. 51, 55 (1958)).

In most states, when property is held in joint tenancy with a right of survivorship, liens issued against a deceased joint tenant's interest in the property are extinguished when the deceased joint tenant dies and any other living joint tenants succeed to his share. *See, e.g., Biggers v. Crook*, 283 Ga. 50, 53, 656 S.E.2d 835, 838 (2008) ("In the present case, the security agreement encumbered [the deceased joint tenant's] interest only . . . [H]is death terminated his interest and extinguished the security interest . . . [he had granted in his interest in the property]."); *Webster v. Mauz*, 702 P.2d 297, 298 (Colo. App. 1985) ("Upon the death of a joint tenant, the surviving tenant becomes sole owner of the property free from any liens which may have existed on the extinguished interest of the deceased."); *Harms v. Sprague*, 105 Ill. 2d 215, 224, 473 N.E.2d 930, 934 (1984) ("[W]e find that the mortgage executed by

[the deceased joint tenant] does not survive as a lien on plaintiff's property. A surviving joint tenant succeeds to the share of the deceased joint tenant by virtue of the conveyance which created the joint tenancy, not as the successor of the deceased."); *see also* Internal Revenue Manual § 5.17.2.5.2.2(4) ("In most states, if the individual, against whose property a federal tax lien attaches, dies before any of the other joint tenants, then the lien ceases to attach to the property . . . [S]tate law should always be consulted to determine whether there is an exception to the general rule.").

Although no Virgin Islands' statute or case law addresses this issue, the Court concludes that the Supreme Court of the Virgin Islands would not depart from this general rule if the issue were before it. Accordingly, the Court will apply the general rule in this case.

Here, the IRS Tax Lien attached to only Cunning's interest in the Property. Cunning and Wrenn owned the Property as joint tenants with the right of survivorship. When Cunning died, Wrenn became the sole owner of the Property through the Warranty Deed because she was a joint tenant with the right of survivorship. At that time, the IRS Tax Lien, which attached only to Cunning's interest in the Property, was extinguished.

Accordingly, the IRS Tax Lien is no longer a valid lien on the Property.

The premises considered, it is hereby

**ORDERED** that NPA's motions for default and summary judgment are **GRANTED**; it is further

**ORDERED** that Cunning's Estate is liable to NPA in the amount of $1,142,915.37. Interest will accrue on this amount at the statutory rate after the date of this Judgment; it is further

**ORDERED** that the IRS Tax Lien is not a valid lien on the Property; it is further

**ORDERED** that as to the Property, the FSB Mortgage is a first priority lien. The NFP Mortgage is a second priority lien. The VIBIR Tax Lien is a third priority lien; it is further

**ORDERED** that the FSB Mortgage, and any liens subsequent to it, are hereby foreclosed; it is further

**ORDERED** that the aforesaid liens shall be foreclosed and the Property shall be sold by the United States Marshal according to law and the proceeds of such sales shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of NPA, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by NPA for insurance

premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

    **ORDERED** that:

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notices of the Marshal's sales shall be posted for four (4) weeks prior to the sales in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sales in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.
2. The terms and conditions of the sales shall be as follows:
    a. The Property shall be sold, as a whole, at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.
    b. NPA may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c.    The terms of the sales as to all other persons or parties bidding shall be cash.

    d.    The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his or her total bids at or before 5:00 p.m. on the date of the sale of the respective property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the respective property.

    e.    The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3.    NPA shall have any and all writs necessary to execute the terms of this Judgment.

S_____
    **CURTIS V. GÓMEZ**
    **District Judge**